UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRIAN SIMMONS,

     Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

     Defendant.

_____)

## COMPLAINT

The Plaintiff, BRIAN SIMMONS ("SIMMONS"), by and through the undersigned counsel, hereby sues THE LINCOLN NATIONAL LIFE INSURANCE COMPANY("LINCOLN") and alleges:

### PRELIMINARY ALLEGATIONS

1.     "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.     SIMMONS was at all times relevant a plan participant under the Sunbelt Rentals,

Inc. Long-term Disability Plan #000010011613 (the "LTD Plan").

3.     Defendant, LINCOLN, is a Corporation with its principal place of business in the State of Indiana authorized to transact and transacting business in the Southern District of Florida.

4.     LINCOLN is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator.

5.     As the decision maker and payor of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.

6.     The LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Sunbelt Rentals, Inc.("Sunbelt"), in which SIMMONS was a participant, and pursuant to which SIMMONS is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, SIMMONS is entitled to LTD benefits for the duration of his disability, for so long as SIMMONS remains disabled as required under the terms and conditions of the LTD plan.

7.     Venue is proper in this district under 29 USC 1132 (e)(2), in that Defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida, and the Defendant can be found in the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

8.     SIMMONS incorporates by reference all preceding paragraphs as though fully set forth herein.

9.     At all times relevant, SIMMONS was an employee of Sunbelt and a plan participant under the terms and conditions of the LTD Plan.

10.     During SIMMONS's employment with Sunbelt SIMMONS became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, on or about December 5, 2016, while SIMMONS was covered under the LTD Plan he suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

11.     As it relates to SIMMONS's current claim for benefits, Disability is defined to mean:

> **"Total Disability" or "Totally Disabled"** will be defined as follows.
>
> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of his or her regular occupation.
>
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of any Gainful Occupation.
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

12.     Due to restrictions and limitations arising from a "sickness", resulting in "Disability", SIMMONS made a claim to LINCOLN for benefits under the LTD Plan.

13.     On or about March 7, 2019, LINCOLN notified SIMMONS that it was denying his claim.

14.     On or about August 30, 2019, SIMMONS timely appealed LINCOLN's adverse benefit determination.

15.     On or about December 16, 2019, LINCOLN affirmed its adverse determination and upheld its decision to deny SIMMONS's LTD benefits

16.     On or about June 11, 2020, SIMMONS timely submitted an appeal to LINCOLN's December 16, 2019, adverse benefit determination.

17.     On or about September 2, 2020, LINCOLN affirmed its adverse determination and upheld its decision to deny SIMMONS' LTD benefits.

18.     SIMMONS has fully complied with filing all mandatory administrative appeals required under the LTD Plan.

19.     LINCOLN breached the LTD Plan and violated ERISA in the following respects:

    a.  Failing to pay LTD benefits to SIMMONS at a time when LINCOLN and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as SIMMONS was disabled and unable to work and therefore entitled to benefits.

    b.  After the denial of SIMMONS's claim LINCOLN failed to adequately describe to SIMMONS any additional material or information necessary for SIMMONS to perfect his claim along with an explanation of why such material is or was necessary.

    c.  LINCOLN failed to properly and adequately investigate the merits of SIMMONS's disability claim and failed to provide a full and fair review of SIMMONS's claim.

20.     SIMMONS believes and alleges that LINCOLN wrongfully denied his claim for LTD benefits under the LTD Plan, by other acts or omissions of which SIMMONS is presently unaware, but which may be discovered through the course of litigation. SIMMONS reserves the right to supplement the administrative record with whatever additional evidence is discovered.

21.     As a proximate result of LINCOLN's wrongful conduct, SIMMONS has damages for loss of disability benefits in a total sum to be shown at the time of trial or summary judgment.

22.     As a further direct and proximate result of LINCOLN's improper benefit

determination, SIMMONS, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SIMMONS is entitled to have such fees and costs paid by LINCOLN.

23.    LINCOLN's wrongful conduct has created uncertainty where none should exist; therefore, SIMMONS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, BRIAN SIMMONS prays for relief against THE LINCOLN NATIONAL LIFE INSURANCE COMPANY as follows:

1.    Payment of disability benefits owed to BRIAN SIMMONS through the date that judgment is entered;

2.    An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the plan administrator to the extent any new facts or submissions are to be considered;

4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.    Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.    Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Cesar Gavidia*
_____
Cesar Gavidia, ESQUIRE
Florida Bar No: 015263
Email: Cesar@diattorney.com